Filed 4/26/13  In re C.E. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re C.E., a Person Coming Under the Juvenile Court Law. | B240840 <br><br> (Los Angeles County Super. Ct. No. PJ41998) |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> C.E., <br><br> Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Benjamin R. Campos, Commissioner.  Affirmed.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant C.E. appeals from an order terminating juvenile court jurisdiction.  He contends he was subject to the transition jurisdiction of the juvenile court as he had satisfied the statutory criteria required under Welfare and Institutions Code section 450, subdivision (a).[1]  He argues this entitled him to a hearing pursuant to section 452.  Appellant contends the trial court erred in not providing this hearing, and the order terminating juvenile court jurisdiction should be reversed.  We find appellant's circumstances fail to meet the statutory criteria under section 450, subdivision (a)(1)(A).  Therefore, he is not subject to the juvenile court's transition jurisdiction and is not entitled to a hearing under section 452.  We affirm the court's order.

## FACTUAL AND PROCEDURAL SUMMARY

Appellant was ordered into suitable placement in December 2009 and placed at the Leroy Haynes Center.  In May 2010, appellant (born January 15, 1994) admitted to one count of assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1)) and the allegation that he personally inflicted great bodily injury on the victim (Pen. Code, § 12022.7, subd. (a)).  As a result, the court ordered appellant into a long-term camp community placement.  After a violation of appellant's probation, the previous order was terminated, and he was ordered to be placed at the Dorothy Kirby Center.  Appellant made progress in his rehabilitation programs and both he and his mother were in support of reunification services.  The tentative plan was for appellant to be reunified with his mother with the assistance of various services.

In August 2011, the probation officer's report recommended that appellant remain a ward of the court but that the previous "order of suitable placement" be terminated and that appellant be placed at home on probation with his mother.  The court terminated the previous suitable placement order, and appellant was placed at home with his mother.  In February 2012, the probation department reported that appellant had turned 18 years old and was doing well at home with his mother.  The report recommended that jurisdiction

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise noted.

be terminated. The court followed this recommendation and terminated its jurisdiction over appellant. This appeal followed.

## DISCUSSION

### I

Appellant contends he met the statutory criteria laid out in section 450, placing him within the transition jurisdiction of the juvenile court. As a result, he argues he was denied a hearing required by section 452 before the court could terminate transition jurisdiction.

Assembly Bill No. 212 (2011-2012 Reg. Sess.), known as the "California Fostering Connections to Success Act," became law in October 2011. (Stats. 2011, ch. 459.) It made a series of changes to the Welfare and Institutions Code relating to public social services. It specifically provided for transition jurisdiction in the juvenile courts over youths transitioning out of foster care. The bill laid out specific guidelines for who would qualify for this transition jurisdiction. It created section 450, which provides that a nonminor must satisfy all of the criteria listed in order to be within the transition jurisdiction of the juvenile court.

One of the criteria listed in section 450 requires the nonminor to have been removed from the physical custody of his parents, declared a ward of the juvenile court, and ordered into foster care placement. (§ 450, subd. (a)(2)(A).) Appellant contends, and respondent agrees, that he meets the criteria set forth in subdivision (a)(2)(A) of section 450. However, the two parties disagree over whether appellant satisfies the criteria set out in the preceding provision, subdivision (a)(1)(A). That provision requires the nonminor to be "a ward in foster care placement who was a ward subject to an order for foster care placement on the day he . . . attained 18 years of age and on and after January 1, 2012, has not attained 19 years of age."[2] (§ 450, subd. (a)(1)(A).) It is

_____

[2]     Section 450, subdivision (a)(1) can also be satisfied under two other circumstances. However, appellant's age clearly rules these possibilities out and neither party argues to the contrary.

3

undisputed that appellant met the age requirement included in this provision. However, appellant was not in a "foster care placement" when the court terminated jurisdiction. Although appellant had been living in a camp community placement and then the Dorothy Kirby Center, he was returned to his home to live with his mother more than six months prior to the juvenile court's termination and continued to reside there up to the termination. We conclude appellant failed to satisfy this requirement of section 450 and was not within the transition jurisdiction of the juvenile court. Therefore, he was not entitled to a hearing pursuant to section 452, which specifically relates to a juvenile court's termination of *transition* jurisdiction.

In his reply brief, appellant discusses the Legislature's intended meaning of the phrase "subject to an order for foster care placement" as it is used in section 450, subdivision (a)(1)(A). His argument centers around whether one must be living in foster care placement on the date of his or her 18th birthday in order to satisfy this requirement. The full provision states that the nonminor must be "a ward in foster care placement who was a ward subject to an order for foster care placement on the day he . . . attained 18 years of age" in foster care placement in order to satisfy that criterion. The phrase "who was a ward subject to an order for foster care placement" does not bear on this appeal because appellant does not come within the first clause of the provision.

## DISPOSITION

The juvenile court's order terminating jurisdiction is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.

We concur:


WILLHITE, J.                          SUZUKAWA, J.

4